IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gary Tyrone Rutledge,<br><br>Plaintiff,<br><br>v.<br><br>Aaron Guage, Stacey Beam,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:26-cv-02693-SAC<br><br><br><br>**<u>OPINION AND ORDER</u>** |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge. ECF No. 9. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings. For the reasons stated herein, the Court dismisses this matter without leave to amend and without service of process.

**BACKGROUND**

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action under 42 U.S.C. § 1983 against Aaron Gauge, whom Plaintiff identifies as a bail bondsman and owner of a bail bond company, and Stacey Beam, whom Plaintiff identifies as the owner of a private electronic-monitoring company. ECF No. 1 at 2. Plaintiff, a pretrial detainee, alleges Defendants violated his rights under the Fourth Amendment to the United States Constitution by requiring him to wear an "unauthorized" and "non-court ordered" GPS ankle monitor. *Id*. at 5. Plaintiff further alleges Defendants violated various state contract and statutory laws by overcharging fees and including additional fees, failing to meet requirements and comply with regulations established by the South Carolina Law Enforcement Division, and requiring Plaintiff to wear an electronic monitoring device without a court order. *Id.*

On July 8, 2026, the Magistrate Judge issued a Report recommending that this action be summarily dismissed without leave to amend and without issuance and service of process. ECF No. 9. Specifically, the Magistrate Judge recommended summary dismissal because (1) Defendants are not state actors subject to suit under 42 U.S.C. § 1983; (2) Plaintiff fails to allege facts to state a claim of constitutional magnitude; (3) the *Younger* abstention doctrine dictates dismissal; (4) the Court should decline to exercise supplemental jurisdiction over any asserted state law claims; and (5) Plaintiff's claims under the South Carolina Tort Claims Act fail as a matter of law. *Id.* at 6-13. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 15. Plaintiff has not filed any objections, and the time to do so has lapsed.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Id.* The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. *See* 28 U.S.C. § 636(b). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *Id.* In the absence of an objection, the Court will review the Report for clear error. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) ("[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation modified)).

**CONCLUSION**

The Court has considered the record in this case, the applicable law, and the Report of the Magistrate Judge. The Court finds no clear error and thereby agrees with the recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, Plaintiff's federal law claims against Defendants are **DISMISSED** with prejudice, without leave to amend,[1] and without issuance of service and process. The Court declines to exercise supplemental jurisdiction over Plaintiff's claims arising under South Carolina law, and those claims are **DISMISSED** without prejudice.

**IT IS SO ORDERED**.

United States District Judge

September 23, 2026
Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

[1] As noted in the Report, Plaintiff filed a prior action against the same Defendants named in this action, making nearly identical allegations. *See Rutledge v. Gauge, et al.*, No. 2:26-cv-01494-JD-WSB. Plaintiff was afforded the opportunity to file an amended complaint in that case. *See* Amended Complaint, *id.*, ECF No. 11. The Court agrees with the Magistrate Judge that any further amendment to Plaintiff's claims against these Defendants would be futile for the reasons stated in the Report.